UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SAUL MOSKOWITZ AND JEANYNA ESPINOSA
on behalf of themseves and
all other similarly situated consumers

       Plaintiffs,

  -against-


FORSTER & GARBUS LLP;
PORTFOLIO RECOVERY ASSOCIATES, LLC;
MIDLAND FUNDING, LLC;
AND ENCORE CAPITAL GROUP, INC.

       Defendants.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Saul Moskowitz and Jeanyna Espinosa seek redress for the illegal practices of Forster & Garbus LLP; Portfolio Recovery Associates, LLC; Midland Funding, LLC; and Encore Capital Group, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs are consumer debts.

4. Defendant, Forster & Garbus LLP's principal place of business is located in Commack, New York.

5. Defendant, Forster & Garbus LLP is engaged in the business of collecting or attempting to collect debts as one of its principal areas of business.

6. Defendant, Portfolio Recovery Associates, LLC is engaged in the business of collecting or attempting to collect debts as one of its principal areas of business and is located in Norfolk, Virginia.

7. Defendant Midland Funding, LLC is a bad debt buyer that specializes in the buying of large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Forster & Garbus LLP.

8. Defendant Encore Capital Group, Inc. is the parent company of Midland Funding, LLC.

9. Defendant Midland Funding, LLC and Encore Capital Group, Inc.'s principal place of business are located in San Diego, California.

10. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

12. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Saul Moskowitz and Jeanyna Espinosa*

14. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

15. On or about September 15, 2014 and March 19, 2015, Defendants sent the Plaintiffs collection letters seeking to collect a balance allegedly incurred for personal purposes.

16. Said letters stated in pertinent part as follows: "The law requires that we serve a duplicate of the summons, previously served upon you with the assigned index # above as additional notice. **You can avoid the entry of judgment by contacting our office and making satisfactory arrangements to pay this account, or you can follow the instructions on the summons if you dispute any part of the claim. If you have any questions, feel free to contact us.**" (emphasis added)

17. The language states that the Plaintiffs have two options to avoid the entry of judgment; one option is to contact the Defendants and make satisfactory arrangements, and the second option is to follow the instructions on the summons.

18. The second option contains the additional requirement to follow the instructions on the summons if the consumer believes that he/she disputes any part of the claim.

19. The said language is deceptive as a debtor/defendant in a consumer collection action can follow the instructions on a summons as to how to respond to a complaint, regardless of whether or not one disputes any part of the claim.

20. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. The said letters' dispute requirement could dissuade a consumer from filing an answer and asserting affirmative defenses.

22. Defendants' September 15, 2014 and March 19, 2015 letters violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendants.*

23. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through twenty two (22) as if set forth fully in this cause of action.

24. This cause of action is brought on behalf of Plaintiffs and the members of a class.

25. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiffs on or about September 15, 2014 and March 19, 2015; and (a) the collection letters were sent to consumers seeking payment of a personal debt purportedly owed to Portfolio Recovery Associates, LLC and Midland Funding LLC; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letters contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for the use of any false representation or deceptive means to collect or attempt to collect any debt.

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

  principal question presented by this claim is whether the Defendants violated the FDCPA.

 C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

 D. The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

 E. The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

30. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request preliminary and permanent injunctive relief, and that this Court enter judgment in their favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 10, 2015

_/s/ Adam J. Fishbein_
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

_/s/ Adam J. Fishbein_
Adam J. Fishbein (AF-9508)

| | | |
|---|---|---|
| RONALD FORSTER - Adm. in NY Only<br>MARK A. GARBUS - Adm. in NY Only<br>..........................................................<br>EDWARD J. DAMSKY- Adm. in NY Only<br>JOEL D. LEIDERMAN - Adm. in NY Only | **FORSTER & GARBUS LLP**<br>**A NEW YORK LAW FIRM**<br>60 Motor Parkway<br>P.O. BOX 9030<br>COMMACK, N.Y. 11725-9030<br>(631) 393-9400<br>Fax (631) 393-9490 | ANNETTE T. ALTMAN - Adm. in NY Only<br>OLIVIA DEBELLIS - Adm. in NY Only<br>RONALD J. FERRARO - Adm. in NY & NJ<br>MICHAEL J. FLORIO - Adm. in NY Only<br>AMY GAVLIK - Adm. in NY Only<br>TESS E. GUNTHER - Adm. in NY & CT<br>KEVIN M. KNAB - Adm. in NY Only<br>MICHAEL S. LEINOFF - Adm. in NY Only |

9/15/14

```
                                            1-631-393-9400
                                     TOLL-FREE 1-877-207-5170
                             LAST PAID DATE: 08/16/12   EXT 218
                             PLEASE ASK FOR: MR MORALES
                             INDEX#:    48859/14
SAUL MOSKOWITZ               PORTFOLIO RECOVERY ASSOCIATES, LLC
2035 59TH ST
BROOKLYN            NY   11204        A/C#- E38 8568688888
```

SAUL MOSKOWITZ

   THE LAW REQUIRES THAT WE SERVE A DUPLICATE OF THE
SUMMONS, PREVIOUSLY SERVED UPON YOU WITH THE ASSIGNED
INDEX # ABOVE AS ADDITIONAL NOTICE.
   YOU CAN AVOID THE ENTRY OF JUDGMENT BY CONTACTING OUR
OFFICE AND MAKING SATISFACTORY ARRANGEMENTS TO PAY THIS
ACCOUNT, OR YOU CAN FOLLOW THE INSTRUCTIONS ON THE SUMMONS
IF YOU DISPUTE ANY PART OF THE CLAIM.

   IF YOU HAVE ANY QUESTIONS, FEEL FREE TO CONTACT US.
(PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO
ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION
WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS
DEBT.)

                                        VERY TRULY YOURS

1

| | | |
|---|---|---|
| RONALD FORSTER - Adm. in NY Only<br>MARK A. GARBUS - Adm. in NY Only<br>..........................<br>EDWARD J. DAMSKY - Adm. in NY Only<br>JOEL D. LEIDERMAN - Adm. in NY Only | **FORSTER & GARBUS LLP**<br>**A NEW YORK LAW FIRM**<br>60 MOTOR PARKWAY<br>P.O. BOX 9030<br>COMMACK, NY 11725-9030<br>(631) 393-9400<br>Fax (631) 393-9490 | ANNETTE T. ALTMAN - Adm. in NY Only<br>OLIVIA DEBELLIS - Adm. in NY Only<br>MICHAEL C DIGIARO - Adm. in NY & NJ<br>RONALD J. FERRARO - Adm. in NY & NJ<br>MICHAEL J FLORIO - Adm. in NY Only<br>AMY GAVLIK - Adm in NY Only<br>TESS E GUNTHER - Adm. in NY & CT<br>KEVIN M. KNAB - Adm. in NY Only<br>VALERIE E. WATTS - Adm in NY Only |

3/19/15

```
                                           1-631-393-9400
                                  TOLL-FREE 1-877-709-6883
                             DEFAULT DATE: 12/24/13    EXT 219
                             PLEASE ASK FOR: MS HAAS
                             INDEX#:      5517/15
JEANYNA ESPINOSA                           MIDLAND FUNDING LLC
3040 42ND ST APT 1L
ASTORIA                 NY    11103        A/C#- P33 8562579042
```

JEANYNA ESPINOSA

    THE LAW REQUIRES THAT WE SERVE A DUPLICATE OF THE SUMMONS, PREVIOUSLY SERVED UPON YOU WITH THE ASSIGNED INDEX # ABOVE AS ADDITIONAL NOTICE.
    YOU CAN AVOID THE ENTRY OF JUDGMENT BY CONTACTING OUR OFFICE AND MAKING SATISFACTORY ARRANGEMENTS TO PAY THIS ACCOUNT, OR YOU CAN FOLLOW THE INSTRUCTIONS ON THE SUMMONS IF YOU DISPUTE ANY PART OF THE CLAIM.

    IF YOU HAVE ANY QUESTIONS, FEEL FREE TO CONTACT US. (PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)

                                        VERY TRULY YOURS

1