UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
SAUL MOSKOWITZ
on behalf of himself and
all other similarly situated consumers

                                                                                          15 CV 5265 (RRM) (LB)

                      Plaintiff,

        -against-

FORSTER & GARBUS LLP,

                     Defendant.

----------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Saul Moskowitz seek redress for the illegal practices of Forster & Garbus LLP; concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Defendant, Forster & Garbus LLP's principal place of business is located in Commack, New York.

5. Defendant, Forster & Garbus LLP is engaged in the business of collecting or attempting to collect debts as one of its principal areas of business.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Saul Moskowitz*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about September 15, 2014 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes where Portfolio Recovery Associates is the creditor.

12. Said letter states in pertinent part as follows: "The law requires that we serve a duplicate of the summons, previously served upon you with the assigned index # above as additional notice. **You can avoid the entry of judgment by contacting our office and making satisfactory arrangements to pay this account, or you can follow the instructions on the summons if you dispute any part of the claim.  If you have any questions, feel free to contact us.**" (emphasis added)

13. The language states that the Plaintiff has two options to avoid the entry of judgment; one option is to contact the Defendant and make satisfactory arrangements, and the second option is to follow the instructions on the summons.

14. The first option of the sentence is deceptive and coerces the consumer to contact

defendant's office to make a settlement.

15. The first option of the sentence gives the consumer comfort that making a settlement can avoid the entry of judgment, but leaves the consumer at the mercy of the debt collector.

16. The second option contains the additional requirement to follow the instructions on the summons if the consumer believes that he/she disputes any part of the claim.

17. The said language is deceptive as a debtor/defendant in a consumer collection action can follow the instructions on a summons as to how to respond to a complaint, regardless of whether or not one disputes any part of the claim.

18. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19. The said letter's dispute requirement could dissuade a consumer from filing an answer and asserting affirmative defenses.

20. Defendant's September 15, 2014 letter violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

21. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

22. This cause of action is brought on behalf of Plaintiff and the members of a class.

23. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about September 15, 2014; and (a) the collection letters were sent to consumers seeking payment of a personal debt purportedly owed to Portfolio Recovery Associates, LLC; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for the use of any false representation or deceptive means to collect or attempt to collect any debt.

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. Class members have suffered actual damages for having relied upon the representations made in Forster & Garbus' said letter.

27. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

29. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

30. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 28, 2016

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

| | | |
|---|---|---|
| RONALD FORSTER - Adm. in NY Only<br>MARK A. GARBUS - Adm. in NY Only<br>────────────────<br>EDWARD J. DAMSKY- Adm. in NY Only<br>JOEL D. LEIDERMAN - Adm. in NY Only | **FORSTER & GARBUS LLP**<br>**A NEW YORK LAW FIRM**<br>60 Motor Parkway<br>P.O. BOX 9030<br>COMMACK, N.Y. 11725-9030<br>(631) 393-9400<br>Fax (631) 393-9490 | ANNETTE T. ALTMAN - Adm. in NY Only<br>OLIVIA DEBELLIS - Adm. in NY Only<br>RONALD J. FERRARO - Adm. in NY & NJ<br>MICHAEL J. FLORIO - Adm. in NY Only<br>AMY GAVLIK - Adm. in NY Only<br>TESS E. GUNTHER - Adm. in NY & CT<br>KEVIN M. KNAB - Adm. in NY Only<br>MICHAEL S. LEINOFF - Adm. in NY Only |

9/15/14

```
                                    1-631-393-9400
                           TOLL-FREE 1-877-207-5170
                     LAST PAID DATE: 08/16/12   EXT 218
                     PLEASE ASK FOR: MR MORALES
                     INDEX#:    48859/14
SAUL MOSKOWITZ       PORTFOLIO RECOVERY ASSOCIATES, LLC
2035 59TH ST
BROOKLYN             NY   11204      A/C#- E38 8568688888
```

SAUL MOSKOWITZ

   THE LAW REQUIRES THAT WE SERVE A DUPLICATE OF THE SUMMONS, PREVIOUSLY SERVED UPON YOU WITH THE ASSIGNED INDEX # ABOVE AS ADDITIONAL NOTICE.
   YOU CAN AVOID THE ENTRY OF JUDGMENT BY CONTACTING OUR OFFICE AND MAKING SATISFACTORY ARRANGEMENTS TO PAY THIS ACCOUNT, OR YOU CAN FOLLOW THE INSTRUCTIONS ON THE SUMMONS IF YOU DISPUTE ANY PART OF THE CLAIM.

   IF YOU HAVE ANY QUESTIONS, FEEL FREE TO CONTACT US. (PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)

                                        VERY TRULY YOURS

1